Hearing Date: June 1, 2016
at 10:00 a.m.

Proposed Attorneys for the Debtor
and Debtor in Possession.
30 Wall Street, 12th Floor,
New York, New York 10005.
Telephone: 212-371-5478
Facsimile: 212-371-0460
gabriel.delvirginia@verizon.net

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
In re

DIAMOND CONDO LLC,

                                          Chapter 11
                                          Case No. 16-10619-mkv

        Debtor.
------------------------------------------------------X

## DEBTOR'S ANSWER AND INCORPORATED LEGAL POINTS TO THE APPLICATION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY OF KNIGHTHEAD SSRE REIT, INC. (THE "SECURED CREDITOR").

TO:   HONORABLE MARY KAY VYSKOCIL,
       UNITED STATES BANKRUPTCY JUDGE

DIAMOND CONDO LLC the above-captioned debtor and debtor-in-possession (the "Debtor"), submits this answer and opposition (the "Opposition") to the application (the "Application") of Knighthead SSRE REIT, Inc. (the "Secured Creditor" or "Movant") for the entry of an Order granting (i) relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1), and/or 11 U.S.C. §

362(d)(2) in favor of the Secured Creditor, (ii) declaring the Debtor to be single asset real estate pursuant to 11 U.S.C. § 101(51B), and (iii) and granting such other and further relief as this Court deems just and proper, through its attorneys, the Law Offices of Gabriel Del Virginia, and respectfully represents and says:

## PRELIMINARY STATEMENT.

1.  The Second Circuit explained "[f]or nearly 100 years it has been the primary purpose of the old Bankruptcy Act and now the new Bankruptcy Code to 'relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh'" *In re Renshaw,* 222 F.3d 82, 86 (2d. Cir. 2000)(citing *Williams v. U.S. Fidelity & Guar. Co.,* 236 U.S. 549, 289(1915). While the Second Circuit was addressing a chapter 7, the rationale is particularly appropriate in the instant case. Because of adverse economic changes and other factors, the Debtor fell behind on its mortgage payments.

2.  The Movant wrongly alleges that the: (i) "Debtor has no intention (or ability) to reorganize"; (ii) "any equity that could exist in the Property continues to erode at an alarming rate based upon the continued imposition of the automatic stay"; (iii) "Secured Creditor's Loan coupled with the subordinate mortgagees Debtor will lack any equity in the Property" ; and (iv) "Debtor's chapter 11 case appears to be a two-party dispute between the Debtor and the Secured Creditor".

3.  As will be demonstrated: (i) the petition was filed in good faith by the Debtor; (ii) a significant equity cushion exits; (iii) the Debtor has identified parties expressing interest in lending to the Debtor to reorganize successfully. (*See,* Exhibit

A, Loan Letter.); and (iv) the instant filing will preserve the rights of the two subordinate lenders.

4.  Importantly, the Movant ignores the fact that it does not suffer any prejudice by the delay because it is over secured. The Building is valued ("2016 Valuation") in the amount of $8.6 million. (*See*, Exhibit B, Appraisal Report.)

## Background.

5.  The Debtor filed its voluntary petition for relief under the provisions of 11 U.S.C. Chapter 11 on March 16, 2016 (the "Petition Date").

6.  The Debtor continues to manage its property as a debtor and debtor-in-possession.

7.  No trustee or examiner has been appointed in this case. Also, no official committee of unsecured creditors has been appointed.

8.  The Debtor is a Wyoming limited liability corporation (filed as a foreign domestic LLC in New York) in the business of managing and owning real estate. The Debtor's assets primarily consist of a condominium (the "Property") located at Apartments 7A/8A, 170 East 77th Street New York, NY 10075.

9.  The Debtor filed the Petition on an exigent basis to avoid the imminent foreclosure of the Movant.

10. The Debtor's management believes that, given the breathing spell provided by the filing of this case, the Debtor will be able identify and negotiate with prospective lenders as a means to emerging from bankruptcy promptly.

### The Debtor's Case Was Filed in Good Faith

11. The Debtor filed the instant case in good faith to provide some breathing space to attempt resolution of the outstanding balance of the Mortgage by seeking financing.

12. The Debtor's management was focused on quickly obtaining financing and was delayed in filling its schedules. The Debtor has filed its schedules and has filed an application for retention of counsel. *See e.g.* ECF DOC # 17-21(5/09/2016) and DOC # 22 (05/17/2016).

13. The Debtor has every intention and the ability to reorganize. As demonstrated the Debtor is in the process of obtaining financing to satisfy the Secured Lender and, as described above has succeeded in obtaining the Loan Letter.

### A Substantial Equity Cushion Exits

14. The Secured Lender alleges that on or about June 2, 2015, the Property was appraised (the "2015 Appraisal"), which indicated, inter alia, that as of March 31, 2016, the value of the Property was Six-Million, Four-Hundred Thousand Dollars ($6,400,000.00).

15. Based on the 2015 Appraisal, the Secured Lender concludes that at most an equity cushion of approximately 3.58% may exist between the Debtor the Secured Creditor.

16. However, the Property is valued at $8.6 million (based on a the more recent valuation) and, as such there an is an equity cushion of approximately $2,2

million the Secured Lender. This significant equity cushion is <u>not</u> eroding at an alarming rate as a result of the imposition of the automatic stay.

### The Debtor has Substantial Equity in the Property

17.   The Creditor alleges that the Debtor lacks any equity in the properly as a result of the Secured Creditor's Loan coupled with the subordinate mortgagees.

18.   In contrast, based on the Movant's allegations regarding the debt, the Debtor has a significant equity cushion of approximately $2 million.  The Property is valued at $8.6 million and the Mortgage ($6,170,621.82) and subordinate mortgagees ($229,120.00,), resulting in an equity cushion of approximately $2 million

### This is not a Two Party Dispute.

19.   The foreclosure of the Property and ensuing fire sale would not only greatly prejudice the Debtor it would also prejudice the subordinate mortgagees as they would likely receive little, if anything in a foreclosure.

### CONCLUSION.

20.   WHEREFORE, the Debtor respectfully requests that this Court enter an order: (1) denying the Movant's application to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1)(2) granting such other, further and different relief as may find just and proper.

Dated:
New York, New York
May 23, 2016

RESPECTFULLY SUBMITTED:

LAW OFFICES OF GABRIEL DEL VIRGINIA
*Proposed Attorneys for the Debtor*
*and Debtor in Possession*

By:*Gabriel Del Virginia*
Gabriel Del Virginia (GDV-4951)
30 Wall Street, 12th Floor,
New York, New York 10005.
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

Dated:
New York, New York
May 23, 2016

## VERIFICATION

Under penalty of perjury, the undersigned hereby verifies and certifies he has read the annexed pleading, and that he believes the facts stated therein to be true, to the best of his knowledge and belief.

/s/ *Felice DiSanza*
Managing Member
DIAMOND CONDO LLC
*Debtor and Debtor-in-Possession*

# Middlegate Factors, LLC

8 West 40th Street
New York, NY 10018

5/10/2016

This letter along with the attached description of the transaction shall serve as a non-binding letter of intent to enter into a lending arrangement whereby the Lenders shall provide funds to Diamond Condo, LLC/Felice Di Sanza to refinance **170 East 77 Street Apt. 7A/8A**. The terms set out herein are not final and are subject to internal approvals of the board members of each respective party as well as the satisfactory completion of due diligence and execution of documentation satisfactory to the Lender in it's sole discretion.

The preceding Summary of Indicative Terms is prepared solely to facilitate the discussion of a possible transaction and does not create or reflect any legal obligations on the part of the Lenders. This Summary of Indicative Terms is confidential. Under no circumstances should its existence and terms, as well as the Lenders identity, be disclosed to parties other than the company and its Board members, shareholders and legal and financial counsel. This discussion term sheet supersedes any prior discussions and there are no other written or verbal agreements.

Sincerely,

Harvey Abrahams
Portfolio Manager

*[signature]*

Middlegate Factors, LLC

**170 East 77 Street**
**Apt 7a/8a**

*"Description Of Terms"*

| Lender/s | Middlegate Factors, LLC and its assignees |
|---|---|
| Borrower/Guarantor | Diamond Condo, LLC/Felice Di Sanza |
| Principal Amount | The lessor of 70% loan to value based on appraisal, up to a Maximum of $6,020,000. Funds will be used to refinance current debt. |
| Term | 12 month loan with a balloon payment. |
| Current Interest Rate | The Loan shall bear a Current Interest Rate of 12% per annum payable monthly to be calculated based on the actual amount of days elapsed in a 365/366 day year, as applicable. |
| Points | 3 Points |
| Interest Reserve | 3 Months |
| | |
| Security and Collateral | The Loan shall rank as a Senior First Lien Note on the property 170 East 77 Street Apt 7A/8A, New York, NY 10075 |
| Subordination | The Note shall not be subordinate and junior in right of payment to any other creditor of the Borrowers. The Borrowers will not be permitted to incur additional debt while the principal of this Loan is still outstanding. |
| Good Faith Deposit | $10,000 to cover out of pocket expenses associated with loan. |
| Closing Estimate | Within 45-60 days from the time of acceptance of this LOI. |
| | |
| | |
| | |
| | |
| Governing Law | New York |
| | |
| Closing Conditions | A) Clear Title<br>B) Ability to withdraw from bankruptcy<br>C) Satisfactory appraisal and inspection |

If the terms being offered are acceptable, please execute the signature block on the following page:

2

**BORROWER:** Diamond Condo, LLC

By:_____

Name:_____
Date:_____

**GUARANTOR:** Felice Di Sanza

By:_____

Name_____
Date:_____

3

## Goodman-Marks Associates, Inc.
### REAL ESTATE APPRAISERS AND CONSULTANTS

**CORPORATE HEADQUARTERS / ACCOUNTING DEPARTMENT**
170 OLD COUNTRY ROAD, SUITE 501, MINEOLA, NEW YORK 11501
PHONE: (516) 248-9777  FAX: (516) 248-9628

**NEW YORK CITY OFFICE**
420 LEXINGTON AVENUE, SUITE 225, NEW YORK, NEW YORK 10170
PHONE: (212) 324-2870  FAX: (212) 324-2879
www.goodmanmarks.com

November 24, 2014

MS. Militza Alfaro
Commercial Administrator
Bethpage Federal Credit Union
899 South Oyster Bay Road
Bethpage, NY 11714

Re:  170 East 77th Street, Apartments #7A/8A
Upper East Side, New York, New York
Our File No. 14-1218

Dear Ms. Alfaro:

Pursuant to your request, we have inspected and appraised the above-captioned property, which is located on the south side of East 77th Street between 3rd Avenue and Lexington Avenue, in the Upper East Side section of New York City, State of New York. The subject site is identified on the New York City tax maps as Block 1411, Lot 1130.

The subject development consists of a regular shaped, 12,771±-square-foot (0.29±- acre) parcel of R8B zoned land improved with an eleven-story, elevator-serviced, condominium apartment building, constructed circa 1942, totaling 95,463± square feet of gross above grade building area. The building, which is known as "The Diamond House Condominium", contains a total of 54 apartments and 4 professional units, of which 39 units have been sold (67.24%), and 19 units are currently sponsor held rental units, which includes two (2) professional units.

Building amenities include a 24-hour doorman and a fully equipped gym. Additionally, the subject building contains a total of four (4) professional units, two (2) of which are rented units operated by the sponsor, and two professional spaces are owner occupied. The subject apartment unit is currently owner by Diamond Condo, LLC.

GOODMAN-MARKS ASSOCIATES, INC.
REAL ESTATE APPRAISERS AND CONSULTANTS

Bethpage Federal Credit Union
Page 2
November 24, 2014

The subject duplex apartment, units #7A & #8A, are comprised of 3,909± square feet of net living area and contains a gourmet kitchen, living room, dining area and formal dining room, five-bedrooms, and five full bathrooms, a family room and a windowed office area that could serve as a sixth bedroom. Interior finishes are of high quality with hardwood floors, custom kitchen cabinets, high end stainless steel appliances, granite countertops and granite/marble bathrooms. Heat is provided through a basement boiler and the units are centrally air conditioned. Estimated annual common charges for the subject unit are $56,544.00, or $4,712.00 monthly, which is reportedly paid by the tenant in possession of the unit. The subject apartment unit is reportedly rented on an annual basis, in a furnished state, for a reported consideration of $45,000.00 per month, or $540,000.00 annually. This rental rate is consistent with similar area apartment units of like kind and quality.

It should be noted that the subject property was purchased by the current ownership as a distressed sale from a familiar but non-related third party, whereas the seller needed a fast sale and closing as the seller was leaving the United States in short order. Additionally, the current owner has reportedly expended in excess of $1,200,000.00 to complete the apartments interior construction and to furnish the unit with furnishings commensurate with market expectations in order to achieve a higher monthly/annual rental rate.

The purpose of this appraisal report is to estimate the market value of the fee simple estate of the subject property, as of the stated valuation date. The intended use of this appraisal is to assist the intended users for the purpose of asset valuation with regard to an estate tax filing. The intended users of this appraisal are Ms. Militza Alfaro and those persons authorized by Bethpage Federal Credit Union to utilize this report.

This appraisal report was prepared in compliance with the requirements and standards of Bethpage Federal Credit Union and conforms to the current Uniform Standards of Professional Appraisal Practice (USPAP), as promulgated by the Appraisal Standards Board of the Appraisal Foundation, the Code of Ethics and Standards of Professional Appraisal Practice of the Appraisal Institute and Title XI of the Financial Institution's Reform, Recovery and Enforcement Act of 1989 (FIRREA) and the 2010 Interagency Appraisal and Valuation Guidelines.

This appraisal report is intended to comply with the reporting requirements set forth under Standards Rule 2-2(a) of USPSP for an appraisal report. The information contained in this report is specific to the needs of the client and for the intended use stated in this report. We are not responsible for unauthorized use of this report.

**GOODMAN-MARKS ASSOCIATES, INC.**
REAL ESTATE APPRAISERS AND CONSULTANTS

Bethpage Federal Credit Union
Page 3
November 24, 2014

In arriving at the appraised value, we have given consideration to all items influencing value, including the subject location, existing and projected competition, continued demand, current and anticipated market conditions, current mortgage rates, building operating expenses and government rules and regulations.

We are of the opinion that the market value of the fee simple estate of the subject property and its interest in the common elements, as of November 13, 2014 was:

**EIGHT MILLION SIX HUNDRED THOUSAND DOLLARS**
**($8,600,000.00)**

A report of 78 pages, plus Addenda is attached hereto and made part hereof, and the valuation is expressly made subject to the conditions and comments appearing herein.

Very truly yours,
*GOODMAN-MARKS ASSOCIATES, INC.*

Matthew J. Guzowski, MAI, MRICS
Principal
Certified General Real Estate Appraiser
New York Certificate #468986

Eric T. Finchum
Appraiser
Certified General Real Estate Appraiser
New York State Certificate #4648531