UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    Chapter 11
In re:

DIAMOND CONDO LLC,

                   Debtor.

------------------------------------------------------------------X

Case No. 16-10619 (MKV)

**AFFIRMATION IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 11 U.S. CODE § 362(j)**

TO THE HONORABLE MARY KAY VYSKOCIL,
U.S. BANKRUPTCY JUDGE:

## APPLICATION

    I, EMIL A. SAMMAN, ESQ., am an attorney associated with the law firm of KAGAN, LUBIC, LEPPER, FINKELSTEIN & GOLD, LLP, attorneys for THE BOARD OF MANAGERS OF THE DIAMOND CONDOMINIUM ("Movant"). As such, based on the information provided by Movant on the circumstances contained herein, I affirm the following under penalty of perjury:

    1.    I make this Affirmation pursuant to Federal Bankruptcy Rule of Procedure Rule 4001 and 11 U.S.C. §362(f) in support of this application seeking the entry of an order confirming that the automatic stay has been terminated. Section 362(j) of the Bankruptcy Code, added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") allows any party in interest to request, by *ex parte* application, that an order be issued "confirming that the automatic stay has been terminated" pursuant to 11 U.S.C. § 362(c).

## BACKGROUND

    2.    Movant is a condominium association organized and existing under Article 9-B of the Real Property Law ("RPL") of the State of New York by virtue of a declaration of

{00237155;2 }

condominium, duly filed and recorded in the New York County office of the Register of The City of New York on or about August 17, 2007 as file number CRFN: 2007000426963, as amended from time to time (the "Declaration"), for the land and building located at 170 East 77th Street, New York, New York 10075 (the "Building").

3. DIAMOND CONDO LLC ("Debtor") filed a voluntary petition ("Petition") under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on March 16, 2016, (the "Filing Date").

4. Debtor was and still is the owner of Unit 7A/8A (the "Unit") at 170 East 77th Street, New York, New York 10075 (Block 1411, Lot 1130). *See copy of Deed annexed hereto as Exhibit "A".*

5. Pursuant to the Condominium's by-laws, Debtor is required to pay to Movant monthly common charges and/or additional common charges and other charges due with respect to the Real Property ("Common Charges"). *See relevant By-Law Sections annexed hereto as Exhibit "B".*

6. With respect to the Unit, Debtor has defaulted in the payment Common Charges to the Condominium and there are now due and owing pre-petition and post-petition common charges and other assessments in the aggregate sum of $90,626.30, which amount includes interest, late charges and penalties thereon as authorized by the Condominium's by-laws (the "Arrears"), each of which continue to accrue. Debtor currently owes $10,016.86 in post-petition common charges. *See copy of the Arrears Report and January Bill annexed hereto as Exhibit "C".*

7. Movant holds a claim secured by a lien and represented by a Notice of Lien against the Unit, filed in furtherance of its rights under the Condominium's by-laws and Declaration, duly

{00237155;2 }

recorded in the City's Register's Office of the City of New York under file number CRFN 2015000064091 on or about February 25, 2015. *See copy of the Lien annexed hereto as Exhibit "D".*

8. On June 9, 2016 Movant filed a Proof of Claim in Debtor's bankruptcy proceeding for the common charge arrears charged to the Unit (Claim 1-1).

9. On or about May 4, 2016, Secured Creditor Knighthead SSRE REIT, Inc., ("Knighthead") moved for an Order granting relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1), and/or 11 U.S.C. § 362(d)(2).

10. On or about November 10, 2016, the Debtor and Knighthead entered into a Stipulation and Order Granting Knighthead SSRE, REIT, Inc. Relief from the Automatic Stay ("Stipulation Order") (ECF No. 39).

11. The Stipulation Order provided that the Debtor consented to Knighthead's application for relief from the automatic stay with respect to the Unit.

12. Among other things, the Stipulation Order provided that in exchange for Knighthead's agreement to forbear from prosecuting its state law rights in and to the Unit, the Debtor agreed, inter alia, to provide Knighthead with payment in the amount of the Reduced Payoff memorialized in the Stipulation Order so as to be received by Knighthead by or before November 30, 2016.

13. On December 1, 2016, Knighthead filed an Affirmation of Non-Compliance, through which Knighthead advised the Court that it did not receive the timely payment required under the Stipulation Order.

{00237155;2 }

3

14. Accordingly, on December 7, 2016, this Court issued the Order Granting Relief ("Order") terminating the automatic stay to permit Knighthead to exercise all rights available to it under applicable law with respect to the Unit, including without limitation, the ability to effectuate a foreclosure sale and eviction at the Unit, if necessary (ECF No. 51).

15. On or about December 14, 2016, Movant received a Notice of Sale for the Unit from Knighthead which stated that "the undersigned Referee will sell at public auction at the New York County Supreme Courthouse located at 60 Centre Street, Room #130, New York, NY 10007 on Wednesday, the 18th of January, 2017 at 2:00 P.M. for the premises known as 170 East 77th Street, Units 7A and 8A, New York, NY 10075 and described in Schedule "A" annexed hereto." *See copy of Notice of Sale annexed hereto as Exhibit "E".*

16. Movant's lien, under New York State law, is the next junior creditor and entitled to priority over other creditors for any surplus from the foreclosure sale of the Unit by Knighthead which sale the Court has permitted to be conducted by lifting the automatic stay. It is imperative, due to the requirements of the New York State RPAPL that the Movant be permitted to proceed at the same time as Knighthead, to timely file a motion and claim for any surplus monies that may result from the sale in the state court foreclosure proceeding in order to protect its lien and claim for such surplus.

17. Therefore Movant is seeking an Order ("Comfort Order") pursuant to 11 U.S.C. §362(j) confirming that the automatic stay has been lifted as it pertains to the Unit and allow the Movant to move for surplus monies and take other related actions to enforce its rights in the state court foreclosure proceeding.

{00237155;2 }

18.  For the foregoing reasons, it is respectfully submitted that the relief requested herein is appropriate and warranted.

**WHEREFORE**, your Affirmant prays for the entry of an Order granting relief from the stay and such other and further relief as to the Court may seem just and proper.

Dated: January 11, 2017

                        KAGAN LUBIC LEPPER
                        FINKELSTEIN & GOLD, LLP
                        Attorneys for Movant

By:  /s/  Emil A. Samman
       EMIL A. SAMMAN, ESQ.
       ES-8784

{00237155;2}